IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 00-153 |
| v. | : | |
| RICHARD WILLIAM CROSSAN | : | CIVIL ACTION NO. 13-5342 |

**Padova, J.**                                                                                         February 24, 2014

Before the Court is Richard William Crossan's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

**I.      BACKGROUND**

On August 14, 2000, pursuant to a Guilty Plea Agreement with the Government, Crossan pled guilty to Counts One and Three of Indictment No. 00-153, which charged him with armed bank robbery in violation of 18 U.S.C. § 2113(d) (Count One) and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count Three).[1] During his Change of Plea Hearing, we explained to Crossan that Count Three had the following elements:

> That you brandished the firearm, meaning that you displayed all or part of the firearm, or made the presence of the firearm known to another person to intimidate that person; secondly, that you did so during and in relation to a crime of violence for which you may be prosecuted in [a] Court of the United States, and bank robbery is a crime of violence; and finally, that you did so knowingly.

(8/14/00 Hr'g Tr. at 14.) Crossan stated that he understood the elements of Count III. (<u>Id.</u>) Crossan also admitted the following facts regarding the bank robbery during the Hearing:

> on November 4, 1999[,] at approximately 9:50 a.m. [Crossan] entered the PNC Bank located at 38 N. Lansdowne Avenue in Lansdowne, Pennsylvania. . . . [T]he defendant approached a teller, passed a note to the teller informing her that it was

---

[1] Count Two, which charged Crossan with using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), was dismissed with prejudice on April 3, 2001.

> a holdup and to give him the money. The defendant then pulled his jacket up slightly to reveal the butt of the handgun, at which time the teller handed Mr. Crossan over $11,000 in United States currency. . . . Mr. Crossan then fled the bank.

(Id.. at 15, 17.) Crossan further admitted during the Hearing that, after he was arrested, he waived his Miranda rights and told FBI agents that "the morning of the robbery he had borrowed a car, entered the bank, provided the note to the teller, conversed with some acquaintances in the bank, handed the teller the demand note, showed her the gun and then fled." (Id. at 16-17.) We also explained to Crossan, during the Hearing, that he faced a statutory mandatory minimum of 84 months of imprisonment for Count Three and Crossan indicated that he understood that he would have to serve this mandatory minimum term of imprisonment with respect to Count Three (Id. at 17.)

On March 26, 2001, we sentenced Crossan to a period of imprisonment of 188 months on Count One and a consecutive period of imprisonment of 84 months on Count Three. We also sentenced Crossan to five years of supervised release, restitution in the amount of $11,213, and a special assessment of $200. Crossan did not appeal his conviction or sentence and has not filed any other motions pursuant to 28 U.S.C. § 2255 in connection with his judgment of conviction and sentence in this case.

Crossan filed the instant § 2255 Motion on September 12, 2013. He raises one ground for relief, namely, that we improperly sentenced him based on elements that increased the mandatory minimum sentence for his violation of 18 U.S.C. § 924(c)(1), even though those elements were not "presented to a jury." (Mot. ¶ 12(A).) Crossan relies on Alleyne v. United States, 133 S. Ct. 2151 (2013), in which the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime, "is an 'element' that must be submitted to the jury." Id. at 2155.

## II. LEGAL STANDARD

Crossan has moved for relief pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).[2] "'Section 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors.'" United States v. Perkins, Crim. A. No. 03-303, Civ. A. No. 07-3371, 2008 WL 399336, at *1 (E.D. Pa. Feb. 14, 2008) (quoting United States v. Rishell, Crim. A. No. 97-294-1, Civ. A. No. 01-486, 2002 WL 4638, at *1 (E.D. Pa. Dec. 21, 2001)). In order to prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

## III. DISCUSSION

Crossan was sentenced for Count Three pursuant to 18 U.S.C. § 924(c)(1)(A), which provides as follows:

---

[2]Since Crossan did not appeal his judgment of conviction, it became final more than twelve years ago. There is a one-year period of limitation for filing motions pursuant to § 2255. See 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of "(1) the date on which the judgment of conviction becomes final . . . ; [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Id. While the Government notes in a footnote to its Opposition to Crossan's Motion that the Motion is probably time-barred (see Opp'n at 5 n.3), it has not moved to dismiss the Motion on that basis. Consequently, we have considered only the merits of the Motion and have not considered whether the Motion is time-barred.

> any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . .
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). Crossan contends that his Fifth and Sixth Amendment rights were violated because he was sentenced to a seven-year mandatory minimum consecutive sentence for brandishing a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), rather than the five year mandatory minimum provided by § 924(c)(1)(A)(i), even though the elements of brandishing a firearm were not presented to a jury as required by Alleyne.

Crossan's reliance on Alleyne is, however, misplaced, as Indictment No. 00-153 charged him with brandishing, he was advised of the elements of brandishing during his Change of Plea Hearing, and he admitted to facts that established the elements of brandishing during that Hearing. (See 8/14/00 Hr'g Tr. at 14-17.) While the United States Court of Appeals for the Third Circuit has not yet reached this issue, the Courts of Appeals that have done so have all recognized that elements that increase the mandatory minimum are established in accordance with Alleyne when the defendant admits those facts in connection with his guilty plea. In United States v. Yancy, 725 F.3d 596 (6th Cir. 2013), the United States Court of Appeals for the Sixth Circuit examined a claim that the district court violated the defendant's Sixth Amendment rights by sentencing him to a consecutive, seven-year sentence for brandishing a firearm in connection with a crime of violence pursuant to § 924(c)(1)(A)(ii), even though his indictment did not specifically charge him with brandishing. Id. at 599. The Yancy court stated that, while Alleyne

extended the Apprendi rule[3] "to preclude judicial factfinding from enhancing statutory minimums" as well as maximums, the district court did not violate the defendant's Sixth Amendment rights when it sentenced him for brandishing pursuant to § 924(c)(1)(A)(ii), because the defendant had admitted to brandishing a firearm as part of his guilty plea. Id. at 601. The Yancy court explained that

> Because Alleyne did not involve the effect of a defendant's admission of the facts necessary for an aggravated crime, it leaves undisturbed our cases deeming such admissions fatal to Apprendi claims. These cases recognize that, when a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea, simultaneously waiving his Sixth Amendment right to a jury trial, no Apprendi problem arises.

Id. (citing United States v. Benson, 186 F. App'x 648, 656 (6th Cir. 2006); Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003); United States v. Harper, 246 F.3d 520, 529-30 (6th Cir. 2001)).[4]

The United States Court of Appeals for the Seventh Circuit has also concluded that Alleyne does not apply where a defendant has pled guilty and admitted the facts upon which the mandatory minimum penalty is based. See United States v. Harris, -- F. App'x --, 2013 WL 5755249 (7th Cir. Oct. 24, 2013). The defendant in Harris was convicted of distributing crack cocaine and the imposition of the mandatory minimum sentence for his offense depended on the quantity of crack that he distributed. Id. at *1. The Harris court explained that "[b]y pleading guilty and admitting the amounts alleged, [the defendant] waived his right to a jury

---

[3]The Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.

[4]The Third Circuit has also determined that there is no Apprendi violation where a defendant admits, in his guilty plea, to the facts that establish the sentencing enhancement. See United States v. Cartagena, 78 F. App'x 796, 799 (3d Cir. 2003).

determination and also established those amounts beyond a reasonable doubt." Id. (citations omitted)).

The United States Court of Appeals for the Eleventh Circuit has similarly determined that, while Alleyne held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury . . . [i]n the context of a guilty plea, such an element may be established when the defendant admits the facts in question." United States v. Oliver, -- F. App'x --, 2013 WL 6037182, at *2 (11th Cir. Nov. 15, 2013) (quoting Alleyne, 133 S. Ct. at 2155; and citing United States v. Booker, 543 U.S. 220, 244 (2005)). The Oliver court relied on the Supreme Court's statement in Booker that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244.

The Indictment in this case charged Crossan with brandishing a firearm during and in furtherance of a crime of violence in violation of § 924(c)(1)(A)(ii). During Crossan's change of plea hearing, he was advised of the elements of brandishing and of the mandatory minimum sentence that would be imposed on him if he entered a guilty plea to the brandishing count. Crossan also admitted, during the hearing, to facts establishing that he had brandished the firearm during the robbery. Under these circumstances, we conclude that Crossan's Fifth and Sixth Amendment rights were not violated by his 84 month mandatory minimum sentence on Count Three of Indictment No. 00-153, which was imposed pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), even though the facts underlying Crossan's conviction for Count Three were not presented to a jury.

## IV. CONCLUSION

For the foregoing reasons, Crossan's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied. We conclude that Crossan has failed to make a substantial showing of the denial of a constitutional right, and, consequently, that there is no basis for the issuance of a certificate of appealability. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.